UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Peter E. Archibald, Jr.

   v.                              Civil No. 04-cv-121-JD

City of Somersworth,
Russell M. Timmons,
and Michael Dumont


O R D E R

Peter E. Archibald, Jr., brings federal civil rights claims and related state law claims against Somersworth, New Hampshire, and two of its police officers, Russell M. Timmons and Michael Dumont, based on their involvement in circumstances arising from a visitation dispute between Archibald and his former wife. Somersworth moves for summary judgment on the ground that Archibald cannot show that he was arrested pursuant to a municipal practice, policy, or custom, as required by Monell v. Dept. of Social Servs., 436 U.S. 658, 690-695 (1978). Somersworth also contends that Archibald has not pursued this claim in discovery. Archibald has not responded to Somersworth's motion.


Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

## Discussion

Under the local rules of this district, when a memorandum in support of summary judgment contains a statement of material facts that is supported by appropriate citations to the record, the adverse party is deemed to have admitted any properly supported facts unless that party submits its own properly supported statement of material facts in opposition. LR 7.2(b). Archibald failed to file any response to Somersworth's motion, leaving unopposed any properly supported facts submitted by Somersworth. See De La Vega v. San Juan Star, Inc., 377 F.3d 111, 116-17 (1st Cir. 2004).

Somersworth, however, did not include a properly supported factual statement in its memorandum or provide any properly supported showing that based on the record no material factual dispute exists as to the claim against Somersworth.  Instead, Somersworth focuses on the allegations in Archibald's complaint and his failure to identify any viable bases for his claim in the course of discovery.  As such, Somersworth's motion appears to seek judgment on the pleadings rather than summary judgment.  For the reasons stated in the court's order denying, in part, Somersworth's previous motion to dismiss, its present motion is also denied.

The court directs counsel for both parties to address the issue of Somersworth's liability as follows.  **On or before August 5, 2005,** counsel for Archibald shall notify opposing counsel as to whether Archibald agrees to dismiss his claim against Somersworth, and if so, counsel shall file an appropriate notice dismissing the claim.  If counsel for Archibald fails to notify opposing counsel within the time allowed, the claim will be dismissed for failure to prosecute.

If Archibald does not agree to dismiss the claim, counsel for Somersworth shall review the available factual evidence to determine whether a properly supported motion for summary judgment is appropriate.  That is, whether evidentiary support

exists for a "statement of material facts, supported by appropriate record citations, as to which [Somersworth] contends there is no genuine issue to be tried," LR 7.2(b)(1), and whether those facts demonstrate that Somersworth is entitled to judgment as a matter of law, Rule 56(c).  If a motion for summary judgment is appropriate, it shall be filed with a memorandum including a properly supported statement of material facts, LR 7.2(b)(1), with citations to documents submitted in an appendix filed with the motion and memorandum **on or before August 19, 2005.** Archibald shall file his response with a properly supported statement of material facts, LR 7.2(b)(2), with citations to documents submitted in an appendix filed with his response **within thirty days** after the date the motion is filed.

It should not be necessary for the court to present counsel with a primer on how appropriately to file and respond to a motion for summary judgment.  Counsel are admonished for wasting their clients' resources and the court's time.  Counsel are directed to review carefully the requirements of Rule 56 and to comply with its requirements when filing and responding to a summary judgment motion.  Summary judgment provides the parties with an excellent vehicle to identify, articulate, and narrow the claims in a case so that trial preparation and the trial itself can focus on the material issues that may be in dispute.

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 26) is denied without prejudice to file a properly supported motion and memorandum for summary judgment, if necessary, as provided in this order.

SO ORDERED.

```
                                 _____
                                 Joseph A. DiClerico, Jr.
                                 United States District Judge
```

July 26, 2005

cc: John A. Curran, Esquire
    Kenneth D. Murphy, Esquire